KEB

1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

9

Jason Adam Jensen,

No.   CV-25-00238-TUC-JGZ

10

Plaintiff,

11

v.

**ORDER**

12

Pam Bondi, et al.,

13

Defendants.

14

15   On May 22, 2025, pro se Plaintiff Jason Adam Jensen filed a Complaint (Doc. 1),

16   and on September 23, 2025, he filed a First Amended Complaint[1] (Doc. 15). Plaintiff has

17   also filed an Application for Leave to Proceed In Forma Pauperis (Doc. 13), a Motion to

18   Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 14), and a Motion

19   for Preliminary Injunction (Doc. 16). The Court will grant Plaintiff's Application for Leave

20   to Proceed In Forma Pauperis, grant Plaintiff's Motion to Allow Electronic Filing by a

21   Party Appearing Without an Attorney, dismiss the First Amended Complaint with leave to

22   amend, and deny Plaintiff's Motion for Preliminary Injunction.

23   **I.    Application to Proceed In Forma Pauperis**

24   The Court may allow a plaintiff to proceed without prepayment of fees when it is

25   shown by affidavit that he "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); LRCiv

26
27
28

---

[1] The Court will treat Plaintiff's First Amended Complaint as superseding the original Complaint in its entirety. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992) (an amended complaint supersedes the original complaint, and after amendment, the original pleading is treated as nonexistent).

JDDL

3.3. Review of Plaintiff's Application demonstrates that his modest living expenses exceed his limited income. (Doc. 13.) Therefore, the Court will grant the Application.

## II.        Permission to Electronically File Documents

Plaintiff has also requested permission to electronically file documents in this matter. The applicable procedural rule requires that a "pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies referred to in the ECF Administrative Policies and Procedures Manual." ECF Administrative Policies and Procedures Manual, Section II.B.3. Plaintiff asserts that he possesses the technical requirements for e-filing and lists the equipment and software available to him. (Doc. 14 at 1–3.) He has also stated that he agrees to follow all rules and policies referred to in the ECF Administrative Policies and Procedures Manual. (*Id.* at 2–3.) Therefore, the Court will grant Plaintiff's request.

## III.       Statutory Screening of In Forma Pauperis Complaints

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

Plaintiff's First Amended Complaint is 58 pages long, names at least 32 Defendants, and raises multiple federal claims and Arizona and Missouri state law claims. Plaintiff includes 96 numbered, sub-sectioned paragraphs of "Factual Allegations," which he "incorporates by reference" into 27 "Causes of Action."

The Court has reviewed the First Amended Complaint and finds that it does not comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim." Rule 8(d)(1)

states that "[e]ach allegation must be simple, concise, and direct." A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *See Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 640 (9th Cir. 1988), *abrogated by Smith v. Spizzirri*, 601 U.S. 472 (2024); *see also McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).

The Court will not comb through Plaintiff's 96 sub-sectioned paragraphs in search of the allegations that support each of his 27 causes of action. *See Destfino v. Kennedy*, 2009 WL 63566, at *4 (E.D. Cal. 2009), *aff'd sub nom. Destfino v. Reiswig*, 630 F.3d 952 (9th Cir. 2011) ("Allegations . . . which incorporate each preceding paragraph, regardless of relevancy, are not permitted. This practice has been harshly criticized as a form of 'shotgun pleading' that violates Rule 8's requirement of a 'short and plain statement' and interferes with the court's ability to administer justice."); *see Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) ("Shotgun pleadings are those that incorporate every antecedent allegation by reference into each subsequent claim for relief or affirmative defense. '[S]hotgun pleadings wreak havoc on the judicial system.'") (citations omitted).

Further, several of Plaintiff's 27 listed causes of action contain multiple legal claims against multiple defendants and appear to include additional factual allegations. This violates Rules 8 and 10(b) of the Federal Rules of Civil Procedure. *See e.g.*, *Davis v. Coca–Cola Bottling Co. Consol.*, 516 F.3d 955, 979–80 & n.57 (11th Cir. 2008) (a complaint alleging numerous forms of Title VII violations against multiple defendants in a single count violated Rule 10(b) and constituted a shotgun pleading).

Accordingly, the Court cannot determine the precise number and nature of Plaintiff's claims and cannot meaningfully screen the First Amended Complaint, as required by 28 U.S.C. § 1915 (e)(2). The Court will dismiss the First Amended Complaint with leave to amend.

//

**IV.    Leave to Amend**

For the foregoing reasons, the Court will dismiss Plaintiff's First Amended Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.[2]

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint" and formatted in compliance with LR Civ 7.1. The second amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), *as amended* (May 22, 1992)*k v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989). After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or First Amended Complaint is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files an amended complaint, he should discuss the facts supporting a particular claim in the section devoted to that claim, not in a separate "Factual Allegations" section. *See Ferrell v. Durbin*, 311 F. App'x 253, 259 (11th Cir. 2009) ("Neither this Court nor the district court is required to parse the complaint searching for allegations . . . [that] form the basis of each of Appellants' claims."); *cf. Indep. Towers of Washington v.*

---

[2] The Court suggests Plaintiff review the Court's informational Handbook for Self-Represented Litigants, available at https://www.azd.uscourts.gov/proceeding-without-attorney-0, prior to submitting an amended complaint. Plaintiff is also advised that the non-profit Step Up to Justice provides free, advice-only consultation to federal self-represented litigants. More information is available at https://www.azd.uscourts.gov/ federal-court-advice-only-clinic-tucson (last visited October 22, 2024).

*Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges are not like pigs, hunting for truffles buried in briefs." (quoting *United States v. Dunkel*, 927 F.2d 955 (7th Cir. 1991))).

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the law Plaintiff believes was violated; (2) the name of the Defendant who violated the law; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of the law; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff must repeat this process for **each** person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

If Plaintiff does not know the names of individual Defendants, he must list the individual unknown Defendants as Defendant John (or Jane) Doe 1, John Doe 2, and so on in the caption of his amended complaint. In the body of the amended complaint, Plaintiff must allege facts to support how **each particular** Doe Defendant violated Plaintiff's rights. It is insufficient to simply list a category of Defendants (such as "John Does 1–10") and make conclusory allegations against them as a group.

Plaintiff should further be aware that under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Raygor v. Regents of Univ. of Minnesota*, 534 U.S. 533, 541 (2002) (the supplemental jurisdiction statute does not authorize federal district courts to exercise jurisdiction over state law claims against nonconsenting States). Furthermore, "a state is not a 'person' for purposes of section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted).

//

Additionally, Plaintiff should note that he may not incorporate, by reference or otherwise, claims he has raised in other pending or previously litigated cases in support of claims raised in an amended complaint. An in forma pauperis complaint that repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of 28 U.S.C. § 1915(e). *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

**V.    Motion for Preliminary Injunction**

Whether to grant or deny a motion for a temporary restraining order or preliminary injunction is within the Court's discretion. *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132–33 (9th Cir. 1979). An injunction or restraining order is appropriate to grant "intermediate relief of the same character as that which may be granted finally," but relief is not proper when it is requested on matters lying wholly outside the issues in the suit. *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). Because the Court has dismissed the First Amended Complaint, the Court will deny without prejudice Plaintiff's Motion for Preliminary Injunction.

**VI.    Warnings**

**A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260–61.

1    Accordingly,

2    **IT IS ORDERED:**

3        (1)    Plaintiff's First Amended Complaint (Doc. 15) is **dismissed** for failure to
4    comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff has **30 days** from the
5    date this Order is filed to file a Second Amended Complaint in compliance with this Order.

6        (2)    Plaintiff's Application to Proceed in Forma Pauperis (Doc. 13) is **granted**.
7    Plaintiff is not required to pay the filing fee.

8        (3)    Plaintiff's Motion for Preliminary Injunction (Doc. 16) is **denied** without
9    prejudice.

10        (4)    If Plaintiff fails to file a Second Amended Complaint within 30 days, the
11    Clerk of Court must, without further notice, enter a judgment of dismissal of this action
12    with prejudice and deny any pending unrelated motions as moot.

13    //

14    //

15    //

16    //

17    //

18    //

19    //

20    //

21    //

22    //

23    //

24    //

25    //

26    //

27    //

28    //

**JDDL**

1       (5)    Plaintiff's Motion to Allow Electronic Filing by A Party Appearing Without

2  an Attorney (Doc. 14) is **granted** in this case only. Plaintiff is required to comply with all

3  rules outlined in the District of Arizona's Case Management/Electronic Case Filing

4  Administrative Policies and Procedures Manual, to have access to the required equipment

5  and software, to have a personal electronic mailbox of sufficient capacity to send and

6  receive electronic notice of case-related transmissions, and to be able to electronically

7  transmit documents to the court in .pdf form. Plaintiff is further required to register as a

8  subscriber to PACER (Public Access to Electronic Records) within five (5) days of the date

9  of this Order and to comply with the privacy policy of the Judicial Conference of the United

10  States and the E-Government Act of 2002. Any misuse of the ECF system will result in

11  immediate discontinuation of this privilege and disabling of the password assigned to the

12  party.

13       Dated this 31st day of October, 2025.

Jennifer G. Zipps

Chief United States District Judge