**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Adam Jensen, | No. CV-25-00238-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Pamela Bondi, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Jason Adam Jensen's Motion for Reconsideration of the Court's Order Dismissing the Second Amended Complaint. (Doc. 20.) For the reasons below, the Court will deny the Motion for Reconsideration and grant Plaintiff a 21-day extension to file a third amended complaint.

## I.    BACKGROUND

In an October 31, 2025 Order, the Court dismissed Plaintiff's First Amended Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. (Doc. 17.) The Court found that the First Amended Complaint was lengthy, named at least 32 Defendants, raised numerous federal and Arizona and Missouri state law claims, and incorporated 96 factual allegations into 27 "Causes of Action," making it difficult to determine the number and nature of Plaintiff's claims. (*Id.* at 2.) The Court granted Plaintiff leave to amend and instructed him to provide short, plain statements identifying: (1) the constitutional right or law Plaintiff believes was violated; (2) the name of the Defendant who violated the right or law; (3) exactly what that Defendant did or failed to do; (4) how

the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right or law; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. (*Id.* at 5.)

Plaintiff then filed a Second Amended Complaint. (Doc. 18.) On April 20, 2026, the Court dismissed the Second Amended Complaint for failure to comply with Rule 8. (Doc. 19.) The Court explained that the Second Amended Complaint was 113 pages long, asserted 93 counts, named numerous Defendants across multiple jurisdictions, and again contained vague, conclusory, and group allegations that prevented the Court and Defendants from determining what each Defendant allegedly did and when. (*Id.* at 3.) The Court gave Plaintiff 30 days to file a third amended complaint and warned that failure to do so would result in dismissal of this action without prejudice. (*Id.* at 6.)

Plaintiff did not file a third amended complaint. Instead, on May 19, 2026, Plaintiff filed the pending Motion for Reconsideration. (Doc. 20.)

## II.    LEGAL STANDARD

Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Local Rule 7.2(g)(1) sets forth in detail the standard for a motion for reconsideration:

> Form and Content of Motion. The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g)(1). Absent good cause, a motion for reconsideration must be filed no later than fourteen days after the date of the order it challenges. LRCiv 7.2(g)(2).

Failure to follow a court's order or to comply with a court's local rules is grounds

for dismissal. Fed. R. Civ. P. 41(b); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Although courts construe pro se filings liberally, "pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).

### III.   DISCUSSION

Plaintiff has not shown that reconsideration is warranted. As an initial matter, Plaintiff's Motion is untimely. The Court filed the Order dismissing the Second Amended Complaint on April 20, 2026. (Doc. 19.) Plaintiff filed his Motion for Reconsideration on May 19, 2026, more than fourteen days later. (Doc. 20.) Plaintiff does not acknowledge Local Rule 7.2(g)'s fourteen-day deadline or show good cause for failing to file his Motion within that time.

In addition, Plaintiff has not shown manifest error or identified new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. Plaintiff argues that the Court mischaracterized the Second Amended Complaint as a shotgun pleading, improperly treated the length and complexity of the pleading as grounds for dismissal, failed to recognize that several individual claims contain sufficient factual allegations, and gave Plaintiff insufficient time to amend. (See Doc. 20.) Plaintiff also challenges the Court's discussion of Eleventh Amendment immunity and personal jurisdiction over non-resident Defendants.

These arguments do not satisfy Local Rule 7.2(g). Plaintiff's disagreement with the Court's Rule 8 analysis does not establish manifest error. A motion for reconsideration is not an opportunity to reargue the sufficiency of claims, present arguments in a different form, or ask the Court to reconsider matters already decided. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Plaintiff's Motion largely repeats or reframes arguments concerning the adequacy of the Second Amended Complaint. That is insufficient to warrant

reconsideration.

The Court did not dismiss the Second Amended Complaint merely because it was lengthy or because it incorporated allegations by reference. Rather, the Court dismissed the pleading because, despite prior instructions, it remained lengthy, unclear, and failed to provide a short and plain statement showing what each Defendant allegedly did, when each Defendant acted, how each Defendant's conduct violated Plaintiff's rights or a law, and what injury resulted. Nor is reconsideration warranted because Plaintiff identifies selected counts that he believes contain sufficient factual allegations. Plaintiff could have filed a third amended complaint asserting those claims in compliance with Rule 8 and the Court's prior Orders.

Plaintiff's arguments concerning Eleventh Amendment immunity and personal jurisdiction also do not justify reconsideration. Plaintiff does not identify controlling law that the Court overlooked or newly discovered facts requiring a different result. Instead, he disagrees with the Court's prior analysis, which is not a basis for reconsideration. *See Twentieth Century–Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir.1981) (explaining that dissatisfaction with a court's order or belief that the court was wrong is not an adequate basis for relief).

Plaintiff argues that the 30-day amendment deadline was constitutionally and practically inadequate and requests 90 days to file a third amended complaint. (Doc. 20 at 8–9.) Plaintiff contends that additional time is necessary because the Court's Order requires him to restructure a 113-page, 93-count pleading involving multiple jurisdictions, legal theories, and related proceedings. (*Id.*) He also argues that the Court's reference to the court-approved complaint form creates practical difficulties because his claims exceed the scope of that form. (*Id.*)

The Court is not persuaded by Plaintiff's arguments and disagrees that a 90-day extension is warranted. Plaintiff previously received leave to amend and detailed instructions regarding Rule 8. His Second Amended Complaint failed to follow the instructions and to comply with Rule 8. The task before Plaintiff is not to repackage all 93

counts in another lengthy complaint, but to file a short and plain statement of any claims he seeks to pursue stating the when, where, what and who necessary to allege a specific claim against a specific defendant(s).  Nonetheless, given Plaintiff's pro se status and his stated concerns regarding the formatting of a third amended complaint, the Court will grant a final extension of time. Plaintiff filed the Motion for Reconsideration on May 19, 2026, before the amendment deadline expired. Since that date he has had time to consider the deficiencies identified in the Court's earlier orders. The Court therefore finds that 21 additional days is sufficient time for Plaintiff to file a third amended complaint. The Court will not require Plaintiff to use the court-approved prisoner civil rights form, but Plaintiff's amended complaint must be complete in itself, may not incorporate prior pleadings by reference, must include only one claim per count, and must clearly identify what each Defendant allegedly did, when the Defendant did it, how that conduct violated Plaintiff's rights (or a law), and what injury resulted.[1] No further extensions will be granted absent extraordinary circumstances.

//

//

//

//

//

//

//

//

//

//

---

[1] A third amended complaint will supersede the original Complaint and any prior amended complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and any prior amended complaints as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or prior amended complaints and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a third amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 20) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff has **21 days** from the date this Order is entered to file a third amended complaint in compliance with this Order and the Court's prior Orders.

**IT IS FURTHER ORDERED** that, if Plaintiff fails to file a third amended complaint within 21 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

Dated this 8th day of June, 2026.

_____

Jennifer G. Zipps
Chief United States District Judge