WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jason Adam Jensen,

        Plaintiff,

v.

Pamela Bondi, et al.,

        Defendants.

No. CV-25-00238-TUC-JGZ

**ORDER**

On April 20, 2026, the Court dismissed Plaintiff's Second Amended Complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and gave Plaintiff 30 days to file a third amended complaint. (Doc. 19.) Plaintiff did not file a third amended complaint. Instead, on the last day of the deadline, Plaintiff filed an untimely motion for reconsideration of the April 20, 2026 order. (Doc. 20.)

On June 9, 2026, the Court denied Plaintiff's Motion for Reconsideration, but, in light of his pro se status, granted him a final 21-day extension to file a third amended complaint. (Doc. 21.) Plaintiff responded that same day by filing the present motion for reconsideration of the June 9 Order ("Second Motion for Reconsideration"). (Doc. 22.) The Motion, which is 24 pages long and generated using Artificial Intelligence (AI), asks the Court to reconsider its denial of Plaintiff's prior motion for reconsideration, find that his claims pass screening, and direct the Clerk of Court to issue summonses. (Doc. 22 at 23–24.)

Plaintiff's Second Motion largely repeats or reframes his prior arguments

concerning the Court's Rule 8 analysis, the liberal construction owed to pro se pleadings, and the adequacy of the Second Amended Complaint. The Court has already considered and addressed these arguments. Plaintiff's additional arguments concerning § 1915(e)(2), personal jurisdiction, an order to show cause, and constitutional or natural-law principles likewise do not identify manifest error, newly discovered facts, or intervening controlling authority. Plaintiff has not shown that the June 9, 2026 Order contains manifest error or that reconsideration is necessary to prevent manifest injustice. Plaintiff's contentions provide no basis for reconsideration under Local Rule 7.2(g). Plaintiff's disagreement with the Court's prior analysis is not a basis for reconsideration. *Twentieth Century-Fox Film Corp.*, 637 F.2d at 1341

The Court's prior Orders gave Plaintiff notice of the deficiencies in his pleadings and multiple opportunities to amend. (*See* Docs. 17, 19, 21.) The extension granted in the June 9, 2026 Order, (Doc. 21), was intended to afford Plaintiff an opportunity to cure the deficiencies in his pleading by filing a third amended complaint. That deadline continues to run. Plaintiff's filing of another motion for reconsideration, rather than a third amended complaint, brings him no closer to the relief he seeks. If Plaintiff believes this Court has erred, he may seek review in the Ninth Circuit Court of Appeals after a final order is entered. A motion to reconsider what the Court has already considered is not appropriate.

//
//
//
//
//
//
//
//
//
//

- 2 -

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration of the Court's June 9, 2026 Order (Doc. 22) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff remains subject to the deadline set in the Court's June 9, 2026 Order. If Plaintiff fails to file a third amended complaint within the time permitted, the Clerk of Court must enter judgment dismissing this action without prejudice and deny any pending unrelated motions as moot.

Dated this 15th day of June, 2026.

Jennifer G. Zipps
Chief United States District Judge

- 3 -